UNITED STATES BANKRUPTCY COURT

DISTRICT OF ALASKA

| | |
|---|---|
| In re: | ) |
| | ) |
| GEORGE WALTON'S GOLD AND DIAMOND COMPANY, INCORPORATED, | ) Case No. 21-00065-GS<br>) Chapter 7 |
| | ) |
| Debtor. | ) |
| _____ | ) |

**MEMORANDUM DECISION ON APPLICATION FOR INTERIM ALLOWANCE AND PAYMENT OF ATTORNEY'S FEES AND COSTS**

William Artus, counsel for the chapter 7 trustee (Trustee), has filed his Application for Interim Allowance and Payment of Attorney Fees and Costs (Fee Application) (ECF No. 45). The United States Trustee (UST) has objected to a portion of the Fee Application (Objection) (ECF No. 48) as noncompensable work that should have been performed by the Trustee. After oral argument on the Fee Application and objection, the court approved the balance of the fee application to which the UST did not object. ECF No. 52. The court took the remainder of the Fee Application and Objection under advisement. For the reasons stated below, the court finds that all but 3.2 hours of the billings challenged by the UST are for nonlegal work that falls within the Trustee's, not his counsel's, obligations.

**Facts**

The debtor operated a long-time jewelry store in Anchorage, Alaska. On April 6, 2021, the debtor filed its bankruptcy petition, precipitated by the death of its owner and operator. At the time of the bankruptcy filing, the debtor held a considerable amount of jewelry on premises. Mr. Artus filed his declaration and application to be employed by the estate the day after the bankruptcy filing. ECF Nos. 7 and 8. Mr. Artus bills his time at $400.00 per hour.

The Trustee elected to keep the inventory in the safe on the debtor's premises pending an online auction. Mr. Artus's billing records reflect that he immediately met with the Trustee and debtor's counsel to confer about the case and the assets of the estate. He then assisted the Trustee to arrange and obtain approval for the sale of the jewelry by an internet auction. The

1

estate has conducted its initial auction and sold slightly more than half of its inventory as calculated by cost.

As a result of the initial online auction, the estate now has sufficient funds to pay administrative expenses.  Mr. Artus has filed his Fee Application seeking approval of 75.55 hours totaling $30,220.00 in attorney fees and $235.20 in costs.

Kathryn Perkins for the UST timely filed the Objection to the Fee Application.  She does not challenge Mr. Artus's hourly rate or the quality of his work.  Rather, she challenges 24.54 hours in the Fee Application, totaling $9,780.00 in fees, as nonlegal services for which Mr. Artus cannot be compensated.  The challenged billing entries begin the day after the bankruptcy when Mr. Artus met the Trustee, debtor's counsel, and the store manager at the debtor's store for an initial meeting.  The UST objects to several billing entries in which Mr. Artus coordinated an inventory of the jewelry.[1]  Additionally, the UST objects to 2.8 hours billed for discussions related to insuring the inventory,[2] and 3.25 hours discussing matters concerning the auction with the auctioneer and the Trustee.[3]  There are a couple of challenged billing entries for other miscellaneous administrative matters such as security, payment of utilities, and case administration, totaling .6 hours.[4]  Finally, the UST objects to 10 hours Mr. Artus spent traveling to and from the jewelry store to open or close the vault and secure the premises as part of the inventory process and photographing the inventory.[5][6]

The court has previously approved the Fee Application in the amounts of $20,440.00 in fees and $235.20 in costs to which there were no objections. This decision addresses the 24.54 hours in the Fee Application, totaling $9,780.00 in fees, challenged in the Objection.

## Analysis

Chapter 7 trustees routinely retain attorneys to assist them in the administration of the bankruptcy estate.  11 U.S.C. § 327(a).  The range of compensable services provided by counsel for chapter 7 estates varies widely. But ultimately chapter 7 trustees retain attorneys to provide

---

[1] ECF No. 48, pp. 3-4 (4/10/21 (1.49), 4/20/21 (.2), 4/21/21 (.2), 4/22/21 (.4), 4/26/21 (1.2), 4/26/21 (.3)).
[2] *Id.* at pp. 3-6 (5/5/21 (2), 5/5/21 (.3), 5/6/21 (.3), 5/6/21 (.2), 5/6/21 (.3), 5/7/21 (.3), 5/7/21 (.3), 5/21/21 (.4), 6/7/21 (.2), 6/8/21 (.3)).
[3] *Id.* at pp. 3-6 (4/14/21 (.4), 4/15/21 (two entries for .2 each), 4/20/21 (.2), 5/12/21 (1.6), 5/13/21 (.5), 6/23/21 (.2), 6/24/21 (.2), 6/25/21 (.2), 7/13/21 (.25)).
[4] *Id.* at pp. 4-5 (5/6/21 (.3), 6/10/21 (.3)).
[5] *Id.* at pp. 3-6 (6/28/21 (.5), 6/28/21 (.5), 6/29/21 (.5), 6/29/21 (.5), 7/1/21 (.5), 7/1/21 (.5), 7/13/21 (.5), 7/13/21 (.5), 7/14/21 (.5), 7/14/21 (.5), 7/14/21 (.5), 7/14/21 (.5), 7/15/21 (.5), 7/15/21 (.5)).
[6] *Id.* at pp. 3-6 (4/26/21 (1.2), 4/26/21 (.7), 4/26/21 (.3), 4/27/21 (.8), 4/27/21 (.9), 4/28/21 (.9), 4/28/21 (.7).

2

legal services. Professionals such as attorneys are entitled to compensation for "services requiring special expertise beyond that expected of an ordinary trustee." *Ferrette & Slater v. U.S. Trustee (In re Garcia)*, 335 B.R. 717, 725 (B.A.P. 9th Cir. 2005). Inherently, "for the services of an attorney to be chargeable as a cost of administration, the attorney must, 'exercise professional legal skill and expertise beyond the ordinary knowledge and skill of the trustee,' and the attorney cannot be compensated for the performance of the fiduciary duties of the trustee-client." *In re Perkins,* 244 B.R. 835, 843 (Bankr. D. Mont. 2000)(quoting *In re Crutcher Transfer Line, Inc.,* 20 B.R. 705, 711 (Bankr. W.D. Ky. 1982)); *see also In re Garcia*, 335 B.R. at 725; *In re McKenna*, 93 B.R. 238, 241-42 (Bankr. E.D. Cal. 1988). Accordingly,

> The threshold question that underpins all of this analysis is whether the services of the attorney for the trustee are properly compensable as legal services. *Unsecured Creditors' Committee v. Puget Sound Plywood, Inc.,* 924 F.2d 955, 958 (9th Cir. 1991). "A finding of compensability merely means the services performed were properly charged as legal services, as opposed to administrative or otherwise nonlegal services." *Id.* Accordingly, before an attorney for the trustee can be compensated, the court must determine whether the services performed by the attorney were legal services, as opposed to the trustee's statutory duties.

*In re Virissmo,* 354 B.R. 284, 292 (Bankr. D. Nev. 2006); *see also In re Meade Land and Development Co.*, 527 F.2d 280, 285 (3rd Cir. 1975) ("[F]undamental principle governing the allowance of counsel fees is that an attorney is not entitled to compensation for the assumption of the duties of the Receiver or Trustee.").

Section 704(a) defines the duties of a chapter 7 trustee. The first of these duties is to collect and reduce to money the property of the estate. 11 U.S.C § 704(a)(1). Incident to this obligation, the trustee's services generally encompass the routine administration of the estate. *In re Smith*, 2008 WL 2852263 at *8 (Bankr. D. Or. July 23, 2008); *In re Garcia,* 335 B.R. at 726; *see also In re Lexington Hearth Lamp & Leisure, LLC*, 402 B.R. 135, 143 (Bankr. M.D.N.C. 2009). As a result, attorneys should not generally perform routine administrative tasks. Admittedly, the line between trustee and attorney duties can become blurred. *See In re Meade Land*, 527 F.2d at 285. However, as the fee applicant the attorney bears the burden of proving that he or she provided legal services to the estate that were reasonable and necessary. *In re Virissimo*, 354 B.R. at 291.

Mr. Artus has not proven that most of the fees challenged by the UST involved legal services to the estate. While the court understands that the Trustee needed someone he could trust to oversee access to the store and vault, this was inherently a trustee's duty. Additionally, there is a suggestion in the record that the Trustee was out of town for at least some of the time relating to the auction. This does not change the inherent nature of the work that was performed. More fundamentally, it did not require or involve any legal service. This precludes any award for time billed overseeing the inventory, obtaining insurance, coordinating the auction, and the other administrative functions included within the challenged time.

Mr. Artus responds to the Objection by stating that he merely did what the Trustee asked of him. This is immaterial. A trustee cannot delegate his duties to his attorney. But more to the point, this argument ignores the fundamental nature of the time billed; Mr. Artus did not provide legal services for most of the challenged time. As such, he cannot be compensated under §§ 327 and 330(a) for those services as the estate's attorney.

As part of its Objection, the UST includes time early in the case, and in Mr. Artus's representation, where Mr. Artus participated in initial meetings with the Trustee and debtor's counsel. This time spent at the beginning of the case appears to involve the Trustee and his counsel getting up to speed in a case that both knew would involve a significant sale of personal property. The court finds that Mr. Artus's time on these matters was appropriate to understand the nature of his representation for the bankruptcy estate. The court will, therefore, overrule the Objection for the challenged time on April 7, 2021 (1.5 hours) and April 9, 2021 (separate entries for .6 and .9 hours), totaling 3.0 hours for $1,200.00.

The court will also overrule the Objection for the challenged time on June 23, 2021 (.2 hours) for Mr. Artus's telephone call with Bruce Moore, counsel for a potential buyer for the inventory. This time appears to have been spent on a call received from Mr. Moore, and it was appropriate for Mr. Artus to discuss those matters with Mr. Moore rather than directing Mr. Moore to telephone the Trustee. The court will therefore allow an additional $80.00.

## Conclusion

Ms. Perkins was clear that the UST did not contest the necessity or reasonableness of the challenged fees. Neither does the court. The challenged billing entries demonstrate that time and attention was needed to address inventory, insurance, auction, and administrative matters faced by the bankruptcy estate. But these matters fell squarely within the Trustee's duties and

did not require legal services.  Accordingly, the Objection is sustained with the exception of 3.2 hours, for an additional allowance of $1,280.00 in fees.

      The court will enter a separate order consistent with this decision.

Dated October 20, 2021

By:  /s/ Gary Spraker
GARY SPRAKER
United States Bankruptcy Judge

Serve:  W. Artus, Esq.
        K. Battley, Trustee
        K. Perkins, Esq.
        U.S. Trustee
        ECF Participants via NEF
        P. Gingras, Finance Deputy